**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


HOWARD JONES,                                                                    PLAINTIFF
ADC # 76111


V.                                        5:10-cv-00208-DPM-JJV


DOUGLAS DE ST FELIX, Dr.,                                              DEFENDANTS
Diagnostic Unit, ADC*; et al.*


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

        The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

        If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

        1.      Why the record made before the Magistrate Judge is inadequate.

        2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

        3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Howard Jones, an inmate at the Randall L. Williams Correctional Facility, Arkansas Department of Correction, filed this action *pro se* pursuant to 42 U.S.C. § 1983, against Dr. Douglas De St. Felix and other members of the infirmary staff of the Randall L. Williams Correctional Facility.  Because Plaintiff has failed to state a claim upon which relief may be granted, the Court recommends summary judgment in favor of the Defendants.

## I.   BACKGROUND

Mr. Jones filed a Complaint (Doc. No. 2) claiming that Defendants intentionally and maliciously refused to make an appointment on Mr. Jones' behalf with an orthopedic specialist to determine if Mr. Jones had fractured his leg. He alleges that their inaction caused him suffering that rises to the level of an unnecessary and wanton infliction of pain, in violation of the Eighth Amendment.  Mr. Jones also alleges that he was humiliated for 32 days because he was moved to a barracks without handicapped accessible showers and forced to sit on a trash can to shower.  For his pain and emotional suffering, Plaintiff seeks a total of $4,100.

## II.   MOTION FOR SUMMARY JUDGMENT

Defendants filed a Motion for Summary Judgment (Doc. No. 13) alleging that the Plaintiff failed to exhaust all administrative remedies available, as required by the Prison Litigation Reform

Act (PLRA), before commencing his claim. According to FED. R. CIV. P. 56(c), summary judgment in favor of the moving party is appropriate when no genuine issue of material fact exists to support the non-moving party's claim.

The PLRA requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). The PLRA's exhaustion provision specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Jones*, 549 U.S. at 211; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Under the PLRA, failure to exhaust administrative remedies is an affirmative defense. *Jones*, 549 U.S. at 216.

## III.   ANALYSIS

In the case at hand, Mr. Jones filed three grievances with the Randall L. Williams Correctional Facility, where he is incarcerated. The first two, RLW-10-00202 and RLW-10-00205, were not timely appealed and were dismissed. Mr. Jones asserts these grievances were, in fact, timely, but does not offer any evidence to support this claim. The third grievance, RLW-10-00231, was appealed in a timely manner, but was rejected as without merit on August 13, 2010. Mr. Jones filed this lawsuit on July 19, 2010, twenty five (25) days before he received the Deputy Director's response to his third grievance. Because Mr. Jones initiated this lawsuit before exhausting all other administrative remedies through the Inmate Grievance Procedures, Defendants are entitled to

summary judgment in their favor.

**IV.     CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1.      Defendants' Motion for Summary Judgment (Doc. No. 13) be GRANTED and

Plaintiff's cause of action be DISMISSED.

DATED this day <u>26th</u> of <u>January</u>, <u>2011</u>.

_____
JOE J.   VOLPE
UNITED STATES MAGISTRATE JUDGE